UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTA M. KIZIS o/b/o D.M.L.,

                    Plaintiff,

    v.                                         **DECISION AND ORDER**
                                                          13-CV-82S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

1.      Plaintiff Christa Kizis challenges an Administrative Law Judge's ("ALJ") decision, dated June 22, 2011, wherein the ALJ determined that Plaintiff's son D.M.L. was not disabled under section 1614(a)(3)(C) of the Social Security Act. Plaintiff protectively filed an application for supplemental security income on December 9, 2009, alleging that the child's disability began on January 1, 2006. Plaintiff now contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

2.      Plaintiff's application was initially denied on March 3, 2010. Plaintiff was granted a hearing on that denial and, on March 17, 2011, she testified before the ALJ. The ALJ issued a decision denying the application for supplemental security income on June 22, 2011, and the Appeals Council denied Plaintiff's request for review on November 29, 2012, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on January 25, 2013.

3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5.      To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. See 20 C.F.R. § 416.924.  Specifically, it must demonstrate that: (1) the child has not engaged in any substantial gainful activity; (2) if not, whether he or she has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations;"  and (3) his or her impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment. See 20 C.F.R. § 416.924; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

7.      Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination thereof does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(a),(b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i)). An "extreme" limitation "interferes very seriously" with that ability.  20

C.F.R. § 414.926a(e)(3)(i).

8.  After applying the three-step evaluation in this case, the ALJ concluded that Plaintiff's child, who was eight years old at the time of the decision: (1) had not engaged in substantial activity since the application date of December 9, 2009; (2) had the following severe impairments: Attention Deficit Hyperactivity Disorder ("ADHD"); Post Traumatic Stress Disorder ("PTSD"); adjustment disorder, and he was legally blind in his left eye; and (3) did not have an impairment or combination of impairments that either met, medically equaled, or functionally equaled a listed impairment. (R. 15.)  With respect to the functional-equivalent domains, the ALJ found that Plaintiff's child had a less than marked limitation in acquiring and using information, attending and completing tasks, caring for himself, and health and physical well-being. (R. 18-20, 21-23.) The child had no limitations in the remaining two domains. (R. 20-21.)  Because the child did not have an impairment or combination thereof that resulted in the functional equivalent of a listed impairment, the ALJ held that the child was not disabled under the relevant section of the Social Security Act.

9.  Plaintiff argues that remand is warranted because it is not clear from the ALJ's decision whether he meaningfully evaluated all the treating source records or Plaintiff's credibility before reaching his determination. This Court agrees. In support of his determination that Plaintiff's child did not have the functional equivalent of a listed impairment, the ALJ makes brief reference to the findings of a therapist, a teacher, and the non-examining state agency pediatric consultant. (R. 17-18.) Initially, evidence from these sources is relevant and appropriately considered by the ALJ. See SSR 06–03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006) (evidence from non-medical sources may provide insight into the severity of an impairment); see also SSR 96–6p, 1996 WL 374180, at *2

(S.S.A. July 2, 1996) (opinion of non-examining state agency consultant may be given weight to the extent it is consistent with the medical evidence in the record). Such opinions may even be entitled to greater weight where they are more consistent with the medical evidence than the opinions of treating medical sources. Smead v. Comm'r of Social Security, No. 1:13-cv-185-jgm-jmc, 2014 WL 2967601, *8 (D. Vt. July 1, 2014); Buck v. Colvin, No. 12-CV-857-JTC, 2014 WL 338841, *7 (W.D.N.Y. Jan. 30, 2014).

Here, however, the ALJ relied on these non-medical and non-examining sources in support of his functional domain conclusions without any specific analysis of the obtained medical records or Plaintiff's claims regarding, for example, the severity of her child's aggressive outbursts. The Commissioner even concedes that the ALJ failed to discuss the reports of three treating sources. In so limiting his discussion, the ALJ gave the appearance of selectively presenting only such evidence as was favorable to a pre-determined conclusion. Cruz v. Barnhart, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004) (an ALJ may not pick and choose evidence supporting a certain conclusion).

10. The Commissioner argues that the undiscussed medical records nonetheless support a finding that Plaintiff's child was not disabled. This may ultimately be the case, but this Court would have to improperly rely on independent rationalizations for the conclusions in the ALJ's decision to find that it was supported by substantial evidence. See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (a reviewing court may not rely on *post hoc* rationalizations for administrative actions). Remand is therefore warranted for the ALJ to fully explain the rationale for his decision. See Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (remand appropriate where ALJ's rationale in relation to the evidence cannot be determined).

11. Plaintiff further argues that the ALJ erred by failing to develop the record when he did not follow up on unanswered letters to the treating sources for Plaintiff's child or order a consultative examination to determine the nature and severity of the child's mental impairments. "[G]iven the non-adversarial nature of a hearing on disability benefits, the Commissioner of Social Security is required to affirmatively develop the medical record before rendering a final decision, even when the claimant is represented by legal counsel." Rizzo v. Astrue, No. 08-CV-3219(ADS), 2009 WL 3297781, *5 (E.D.N.Y. Oct. 13, 2009) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir.1996)).  Generally, however, the affirmative duty of an ALJ to further develop the record by making a second attempt to obtain a treating physician's missing medical opinion is not triggered unless there are inconsistencies in or an inadequacy of the record. 20 CFR § 404.1512(e) (eff. June 13, 2011), § 404.1527(c)(3); see Rosa v. Callahan, 168 F.3d 72, 79 n. 5 (2d Cir. 1999).  In the absence of a more explicit decision, it is unclear whether there was a gap in the record triggering this obligation.  Accordingly, it should be determined on remand whether the recontacting of any treating medical source is necessary to fully consider Plaintiff's application.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: July 25, 2014
       Buffalo, New York

                                           /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                                Chief Judge
                                    United States District Court